UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOLFETTA CONSTRUCTION CO., INC., MOLFETTA CORP. and MOLFETTA CONCRETE CO., INC.<br><br>Plaintiffs,<br><br>v.<br><br>NEW JERSEY BUILDING LABORERS STATEWIDE PENSION FUND,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiffs, Molfetta Construction Co., Inc. ("CONSTRUCTION") Molfetta Corp. ("CORP.") and Molfetta Concrete Co., Inc. ("CONCRETE") (collectively "Plaintiffs"), by and through their attorneys, hereby allege as follows:

### NATURE OF THE CASE

1. Plaintiffs bring this action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. (the "Act") regarding their obligations and/or liability, if any, to Defendant New Jersey Building Laborers Statewide Pension Fund (the "FUND") under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et. seq. ("ERISA"), specifically 29 U.S.C. 1381(a).

### PARTIES

2. Plaintiff CONSTRUCTION was a New Jersey corporation with its final principal place of business located in North Bergen, New Jersey.

3. Plaintiff CORP. is a New Jersey corporation with its principal place of business located in North Bergen, New Jersey.

4. Plaintiff CONCRETE is a New Jersey corporation with its principal place of business located in North Bergen, New Jersey.

5. At all relevant times herein, the FUND was, and still is, a trust fund established and maintained pursuant to the Labor Management Relations Act, 29 U.S.C. 141, et. seq. ("LMRA"), and an employee benefit plan within the meaning of ERISA. The FUND is administered at, and maintains its office and principal place of business in Jersey City, New Jersey.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1451(a)(1), (b) and (c) and 28 U.S.C. § 1331.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

8. CONSTRUCTION was a concrete subcontracting company that is now defunct and out of business.

9. CORP. is a general contracting company that remains in business.

10. In or about December 2002, CONSTRUCTION was approached by the Laborers Union Local 325 ("UNION"). The UNION offered MOLFETTA the opportunity to start another company which would be solely union and do only union jobs.

11. Based on that agreement, MOLFETTA formed Molfetta Industries ("INDUSTRIES"). Based on the agreement with the UNION, INDUSTRIES paid the UNION dues and benefits for an agreed number of employees.

12. CONSTRUCTION, as agreed, worked non-union jobs and remained a non-union company.

13. On or about 2004, INDUSTRIES stopped remitting contributions on behalf of its employees to the FUND.

14. In a subsequent arbitration, an arbitrator held INDUSTRIES and CONSTRUCTION to be "alter egos" of the other. The arbitrator's award was challenged yet subsequently upheld by the Third Circuit Court of Appeals.

15. On or about April 30, 2009, CONSTRUCTION and INDUSTRIES terminated the collective bargaining agreement with the UNION (notice of which was sent to the UNION on March 28, 2008).

16. CONSTRUCTION's and INDUSTRIES' termination of the collective bargaining agreement constituted, and thus triggered complete withdrawal from their obligations to remit contributions on behalf of their employees to the FUND.

17. In 2010, CONSTRUCTION and INDUSTRIES filed for bankruptcy protection under Chapter 7 of the U.S. Bankruptcy Code, at which time both companies simultaneously ceased doing business.

18. CONSTRUCTION and INDUSTRIES named the UNION as a creditor as part of their bankruptcy filing. Notwithstanding CONSTRUCTION'S withdrawal from the FUND, the FUND made no claim as a creditor in the bankruptcy proceedings.

19. In or about the time of the bankruptcy proceedings, CONCRETE, a concrete construction company, was formed and began operating in plain and open sight.

20. At no point after the opening of CONCRETE did the FUND assert a claim for withdrawal liability against it, CONSTRUCTION or INDUSTRIES.

21. During the bankruptcy proceeding, and with the approval of the bankruptcy court, a newly formed company, Molfetta Leasing ("LEASING"), purchased equipment from CONSTRUCTION. LEASING then leased out some of the equipment to CONCRETE.

22. For a period of over six years from the date of CONSTRUCTION's withdrawal from the FUND, said period which included the bankruptcy discharge, the FUND did not submit a notice of withdrawal liability to CONSTRUCTION, INDUSTRIES, or CONCRETE.

23. On or about June 30, 2015, the FUND sent a notice of withdrawal liability and demand for payment ("Initial Notice") to CONSTRUCTION (which was not received by CONSTRUCTION until August 10, 2015), more than six years after CONSTRUCTION's withdrawal from the FUND.

24. In or about October 2015, CONSTRUCTION served the FUND with a Request for Review of its withdrawal liability assessment.

25. On or about November 18, 2015, the FUND served CONSTRUCTION with a revised notice of withdrawal liability and demand for payment ("Revised Notice"), in which the FUND acknowledged that its withdrawal liability calculation in the Initial Notice had incorrectly applied a withdrawal date of April 30, 2011.

26. The last pension contributions INDUSTRIES remitted to the FUND was in 2005, CONSTRUCTION and INDUSTRIES withdrew from the FUND on April 30, 2009, and yet the FUND willingly and knowingly chose to wait until the latter half of 2015 to serve CONSTRUCTION with the Initial Notice.

27. During this extraordinarily lengthy period of time, CONSTRUCTION has discarded payroll information, financial statements and other documents which would have assisted them in challenging the amount of assessed withdrawal liability.

28. Moreover, the memories of witnesses have faded, further hampering CONSTRUCTION's ability to adequately dispute and challenge the withdrawal liability amount assessed by the FUND.

29. Although this matter is currently pending before an arbitrator, both the FUND and CONSTRUCTION have mutually agreed to obtain a declaratory judgment in federal court regarding the overall rights and potential liabilities of the parties.

## **COUNT ONE**

30. The preceding paragraphs are repeated herein as if set forth at length.

31. There exists a substantial and concrete controversy between the parties regarding the Plaintiffs' potential obligations and/or liability to the FUND.

32. This controversy touches upon the legal relations and obligations of the parties vis a vis the other.

33. Accordingly, Plaintiffs seek declaratory relief under the Act.

WHEREFORE, Plaintiffs demand the following relief against the FUND as follows:

A. A declaration that the FUND's claim against CONSTRUCTION for withdrawal liability pursuant to ERISA is barred by the statute's six-year statute of limitations.

B. A declaration that the FUND's claim against CONSTRUCTION for withdrawal liability pursuant to ERISA is barred under the doctrine of laches, waiver and/or estoppel;

C. A declaration that neither CORP. nor CONCRETE is a successor, alter ego or controlled group entity of CONSTRUCTION or INDUSTRIES, and thus not jointly and severally liable to the FUND for any withdrawal liability amount.

D. Reasonable attorneys' fees and costs; and

E. Such other and further relief as the Court deems just and fair.

**Budd Larner, PC**
Attorneys for Plaintiffs

By: /s/ Joshua L. Weiner
Joshua L. Weiner, Esq.
150 John F. Kennedy Pkwy
Short Hills, NJ 07070
jweiner@buddlarner.com
P: (973) 315-4542
F: (973) 455-0027

Dated: August 30, 2018